UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

YARIELIZ GUZMAN and ANGEL GUZMAN,                    Civil Action No. 1:25-cv-1375

               Plaintiffs,

           -against-

THE CITY OF NEW YORK, NYPD LT. RYAN OSHEA,
NYPD DET. JACQUELINE DEMEREST, NYPD P.O.
GLENN ZIMINSKI, NYPD SGT. CHRISTOPHER
KEARNEY, NYPD SGT. NICHOLAS DERLETH, NYPD
SGT. ROBERT LUCKMANN, NYPD LT. BRIAN
PADOVANI, NYPD SGT. KENNY KOWLESSAR, and
NYPD POLICE OFFICERS "JOHN and JANE DOE 9-
20", individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

               Defendants.
------------------------------------------------------------------------x

**VERIFIED COMPLAINT**

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

       Plaintiffs YARIELIZ GUZMAN and ANGEL GUZMAN, by their attorneys
GREENBERG LAW P.C., as and for their Verified Complaint, respectfully allege, upon
information and belief as follows:

## NATURE OF THE ACTION

       1.     This is an action to recover money damages arising out of the violation of Plaintiffs'
rights under the Constitution including their rights secured under the laws of the Constitution of
the State of New York. Plaintiff also sues in traditional tort pursuant to pendent State claims.

## JURISDICTION AND VENUE

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,
Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

       3.     The jurisdiction of this Court is predicated upon 28 U.S.C §§1331 and 1343.

       4.     Venue is proper in this district pursuant to 28 U.S.C §§ 1391 (b) and (c).

       5.     Jurisdiction of this court for the pendent claims is authorized by F.R.C.P. 18(a) and

arises under the doctrine of pendent jurisdiction.

## JURY DEMAND

6.     Plaintiffs demand trial by jury in this action on each and every one of the claims as pleaded herein.

## PARTIES

7.     Plaintiff YARIELIZ GUZMAN is a female residing in Queens County in the City and State of New York.

8.     Plaintiff ANGEL GUZMAN is a male residing in Queens County in the City and State of New York.

9.     Plaintiff ANGEL GUZMAN is the father of Plaintiff YARIELIZ GUZMAN.

10.     Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

11.     Defendant THE CITY OF NEW YORK operates the New York City Police Department ("NYPD"), a department or agency of defendant THE CITY OF NEW YORK, responsible for appointments, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12.     NYPD LT. RYAN OSHEA, Tax Number 948016 ("OSHEA") at all relevant times herein, was an officer, employee and agent of the NYPD. Defendant OSHEA is sued in his individual and official capacity.

13.     NYPD DET. JACQUELINE DEMEREST, Tax Number 966537 ("DEMEREST") at all relevant times herein, was an officer, employee and agent of the NYPD. Defendant DEMEREST is sued in his individual and official capacity.

14.     NYPD P.O. GLENN ZIMINSKI, Tax Number 940891 ("ZIMINSKI") at all

relevant times herein, was an officer, employee and agent of the NYPD. Defendant ZIMINSKI is sued in his individual and official capacity.

15.     NYPD SGT. CHRISTOPHER KEARNEY, Tax Number 943429 ("KEARNEY") at all relevant times herein, was an officer, employee and agent of the NYPD. Defendant KEARNEY is sued in his individual and official capacity.

16.     NYPD SGT. NICHOLAS DERLETH, Tax Number 952668 ("DERLETH") at all relevant times herein, was an officer, employee and agent of the NYPD. Defendant DERLETH is sued in his individual and official capacity.

17.     NYPD SGT. ROBERT LUCKMANN, Tax Number 945934 ("LUCKMANN") at all relevant times herein, was an officer, employee and agent of the NYPD. Defendant LUCKMANN is sued in his individual and official capacity.

18.     NYPD LT. BRIAN PADOVANI, Tax Number 944872 ("PADOVANI") at all relevant times herein, was an officer, employee and agent of the NYPD.  Defendant PADOVANI is sued in his individual and official capacity.

19.     NYPD SGT. KENNY KOWLESSAR, Tax Number 957748 ("KOWLESSAR") at all relevant times herein, was an officer, employee and agent of the NYPD. Defendant KOWLESSAR is sued in his individual and official capacity.

20.     At all times herein mentioned, Defendant NYPD POLICE OFFICERS "JOHN and JANE DOE 9-20", were police officers, detectives or supervisors employed by THE CITY OF NEW YORK.  Plaintiff does not presently know the real names and tax numbers of Defendant NYPD POLICE OFFICERS "JOHN and JANE DOE 9-20."

21.     At all times herein mentioned, Defendant NYPD POLICE OFFICERS "JOHN and JANE DOE 9-20" were acting as agents, servants and employees of THE CITY OF NEW YORK.

Defendants NYPD POLICE OFFICERS "JOHN and JANE DOE 9-20" are sued in their individual and official capacities.

22.     At all times relevant times herein, all individual Defendants were acting under color of state law.

## **STATEMENT OF FACTS**

23.     On May 21, 2024, at approximately 12:40 P.M., Plaintiffs YARIELIZ GUZMAN and ANGEL GUZMAN were lawfully in front of the premises at or near 1033 Beach 19th Street at or near Mott Avenue, Queens, New York and carrying over into the street and to the adjacent areas next to the premises, when Defendants OSHEA, DEMEREST, ZIMINSKI, KEARNEY, DERLETH, LUCKMANN, PADOVANI, KOWLESSAR and other police officers ("Defendant Police Officers") used physical force against the plaintiffs, including but not limited to throwing plaintiff YARIELIZ GUZMAN and ANGEL GUZMAN to the ground, punching and kicking them, and causing the Plaintiffs to be severely injured.

24.     At the aforesaid time and place, the Defendant Police Officers falsely arrested Plaintiffs YARIELIZ GUZMAN and ANGEL GUZMAN, and Plaintiffs were not aware of and did not consent to the false arrest. The Defendant Police Officers did not have a warrant, nor did they have reasonable cause to believe that a crime had been committed and/or that Plaintiffs had committed a crime.

25.      While falsely arresting Plaintiffs YARIELIZ GUZMAN and ANGEL GUZMAN Defendant Police Officers used excessive and unnecessary force, beyond the scope of the force needed under the circumstances.

26.     Plaintiffs did not present an immediate threat to the safety of others or of the Defendant Police Officers.

27.     Plaintiffs were not actively resisting arrest prior to or at the time the excessive and unnecessary force was used by the Defendant Police Officers.

28.     At no time did Plaintiffs ever threaten, assault or strike the Defendant Police Officers.

29.     At no point did Defendants ever observe Plaintiffs commit any crime or offense.

30.     No criminal charges were ever brought against Plaintiffs and/or any criminal charges brought against Plaintiffs were dismissed in their entirety.

31.     Plaintiffs YARIELIZ GUZMAN and ANGEL GUZMAN suffered severe physical and emotional damages as a result of Defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, and damage to their reputation.

## FIRST CLAIM
### UNLAWFUL STOP AND SEARCH

32.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

33.     Defendants violated the Fourth and Fourteenth Amendment because they stopped and searched Plaintiffs without reasonable suspicion.

34.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein alleged.

## SECOND CLAIM
### FALSE ARREST

35.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

36.     Defendants violated the Fourth and Fourteenth Amendment because they arrested

Plaintiffs without probable cause.

37.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein alleged.

## THIRD CLAIM
## UNREASONABLE FORCE

38.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

39.     The Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiffs.

40.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein alleged.

41.     Plaintiffs seek nominal and compensatory damages in an amount that exceeds the jurisdictional minimum of this Court, and in an amount to be fixed by a jury from all Defendants and is further entitled to punitive damages against the individual Defendants, in an amount to be fixed by a jury, plus reasonable attorney's fees costs and disbursements in this action.

## FOURTH CLAIM
## FIRST AMENDMENT RETALIATION

42.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

43.     By their conduct, as described herein, and acting under color of state law to deprive the Plaintiffs of their right to freedom of speech under the First and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of right secured under the United States Constitution.

44.     The individual Defendants have violated the Plaintiffs' First Amendment rights to speech by unlawfully denying their right to speak freely by subjecting them to false arrest and

excessive force to deter the exercise of their First Amendment Rights. Defendants' actions were taken in retaliation for the Plaintiffs exercising their First Amendment rights.

45. As a consequence of the individual Defendants' actions, Plaintiffs have suffered violation of their First and Fourteenth Amendment rights to free speech. Plaintiffs have fear and apprehension that they will, again, be subjected to similar unlawful acts by Defendants done for the purpose of limiting and preventing their First Amendment-protected activities.

46. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## FAILURE TO INTERVENE

47. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

48. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, Sixths and Fourteenth Amendments.

50. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## MONELL

51. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

52. The incident that is the subject of this action is not an isolated incident.

53. THE CITY OF NEW YORK through policies, practice and customs, directly

caused the constitutional violation suffered by the Plaintiffs.

54.      THE CITY OF NEW YORK, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

55.      THE CITY OF NEW YORK, through its police department, has a *de facto* quota policy that encourages unlawful stops, false arrests, use of excessive force and the fabrication of evidence.

56.      THE CITY OF NEW YORK, at all relevant times was, upon information and belief, aware that those individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

57.      THE CITY OF NEW YORK, at all relevant times, was aware that these individual Defendants were unfit officers who have previously committed the acts alleged herein and/or have a propensity for such conduct.

58.      As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**SEVENTH CLAIM**
**SECTION 50-E OF THE GENERAL MUNICIPAL LAW**

59.      The Plaintiffs, at all times herein mentioned, were and still are residents of the County of Queens, City and the State of New York.

60.      At all times herein mentioned, defendant THE CITY OF NEW YORK was and still is a municipal corporation duly authorized to and doing business in the County, City and State of New York.

61.      That at all times hereinafter mentioned, the NYPD was a subsidiary, agency and/or otherwise under the auspices and control of the defendant THE CITY OF NEW YORK.

62.      At all times herein mentioned, the NYPD was and remains a department of

defendant THE CITY OF NEW YORK.

63.    That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK was and is responsible for the actions of the NYPD, its agents, servants and/or employees.

64.    Prior to the commencement of this action, notices of claim in writing were served on the defendant THE CITY OF NEW YORK on behalf of each Plaintiff in accordance with Section 50-e of the General Municipal Law.

65.    That Plaintiffs duly presented and served upon defendant THE CITY OF NEW YORK their notices of claim and demand for adjustment of damages by serving and filing same upon said defendant within ninety (90) days after the accrual of Plaintiff's claims pursuant to the statutes in such cases made and provided.

66.    That although more than thirty (30) days have elapsed since the presentation and service of the notice of claim and demand for adjustment of damages, defendant THE CITY OF NEW YORK has failed to make any adjustments and/or payments of said claims.

67.    The oral examination of the Plaintiffs pursuant to Section 50-h of the General Municipal Law was held on January 14, 2025.

68.    That this action is commenced within one year and ninety days of the date of accrual of Plaintiffs' claims.

69.    At all times herein mentioned, defendant THE CITY OF NEW YORK operated and maintained police forces charged with the duty and responsibility of maintaining the peace in THE CITY OF NEW YORK.

70.    At all times herein mentioned, defendant THE CITY OF NEW YORK operated, managed and controlled NYPD.

71.    At all times herein mentioned. defendant THE CITY OF NEW YORK operated,

maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

72.     At all times herein mentioned, defendant THE CITY OF NEW YORK employed police officers.

73.     At all times herein mentioned, defendant THE CITY OF NEW YORK supervised the NYPD.

74.     At all times herein mentioned, defendant THE CITY OF NEW YORK supervised the NYPD and its personnel.

75.     At all times herein mentioned, defendant THE CITY OF NEW YORK supervised the NYPD and its personnel, including its police officers.

76.     At all times herein mentioned, defendant THE CITY OF NEW YORK supervised the NYPD and its personnel, including the Defendant Police Officers.

77.     At all times herein mentioned, defendant THE CITY OF NEW YORK employed and supervised the Defendant Police Officers.

78.     At all times herein mentioned, the Defendant Police Officers were employees of defendant THE CITY OF NEW YORK, duly appointed and acting as police officers for the NYPD and were acting in the course and scope of their employment.

79.     At all times herein mentioned, the Defendant Police Officers were engaged in conduct incidental to the performance of their functions in the course of their duties as employees of THE CITY OF NEW YORK.

80.     At all times herein mentioned, the Defendant Police Officers were engaged in supervisory capacities in the scope of their employment with THE CITY OF NEW YORK.

81.     The Plaintiffs were injured as a result of the negligence, carelessness and

recklessness of the Defendants, their agents, servants and/or employees.

82.     On May 21, 2024, Plaintiffs YARIELIZ GUZMAN and ANGEL GUZMAN were lawful citizens abiding by all laws, statutes and ordinances of the State of New York, standing in front of or near the premises known as 1033 Beach 19th Street, Queens, New York, in the County of Queens, City and the State of New York.

83.     At the aforesaid time and place certain Defendant Police Officers were present in the course and scope of their employment with defendant with the knowledge, authority, permission and consent of defendant NYPD.

84.     At the aforesaid time and place Plaintiffs were assaulted, attacked, battered, dragged and illegally detained by aforesaid Defendant Police Officers.

85.     At the aforesaid time and place Plaintiffs were violently, forcibly and improperly handcuffed by aforesaid Defendant Police Officers.

86.     At the aforesaid time and place Plaintiffs were forcibly and improperly handcuffed by said Defendant Police Officers and transported to Saint John's Episcopal, where Plaintiff were falsely, illegally and wrongfully detained.

87.     That on May 21, 2024, Plaintiffs were wantonly, intentionally, maliciously, illegally, and aggressively assaulted, attacked, battered, struck, and handcuffed by Defendant Police Officers who used excessive force and violence in their handling and dealing with the Plaintiff.

88.     At all times herein mentioned, Defendants had the duty to ensure that their actions, activities, and behavior conformed to a certain standard of conduct established by the law for the protection of civilians, including the Plaintiffs, against unreasonable risk of harm.

89.     That the aforesaid occurrence were caused solely and wholly, through and by

reason, of the carelessness, recklessness and negligence of the Defendants in failing to instruct or properly instruct their personnel, particularly the police officers involved herein, in the manner in which they were to execute their duties; in failing to supervise, properly supervise and/or adequately supervise its personnel; in hiring employees with known wild and criminal propensities; in failing to employ and/or hire competent, able and/or knowledgeable officers; in failing to train and/or properly train their officers in the proper execution of their jobs; in failing to train, properly train and/or adequately train its police officers, agents, servants and/or employees, in the safe and proper execution of their jobs; in their use of excessive force under the circumstances presented at the time; in violating the applicable laws, statutes, codes, rules, regulations, ordinances, and industry standards in such cases made and provided; in the gross, wanton, reckless and willful acts of Defendants, their agents, servants and/or employees; in causing Plaintiffs grave psychological and emotional injuries; they were otherwise careless, reckless and negligent and failed to exercise reasonable care and prudence, all without any fault or lack of care on the part of Plaintiffs thereto.

90.     That by reason of the foregoing Plaintiffs YARIELIZ GUZMAN and ANGEL GUZMAN were seriously and permanently injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiffs will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiffs incurred and in the future will necessarily incur, further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiffs have suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiffs will be unable to pursue their usual duties with the same degree of efficiency as prior to this occurrence, all to their

great damage.

91.     The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

92.     Due to Defendants' negligence, Plaintiffs are entitled to damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

93.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

## EIGHTH CLAIM
## FALSE ARREST

94.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

95.     That on May 21, 2024, Plaintiffs were falsely, illegally and wrongfully arrested by aforesaid Police Officers without probable or just cause or provocation and detained, transported to Saint John's Episcopal Hospital and imprisoned the Plaintiff for an unreasonable period of time thereafter until they was released.

96.     That on May 21, 2024, Plaintiffs were caused to be falsely and wrongfully arrested, handcuffed, detained, imprisoned, incarcerated and deprived of their rights and liberty for an unreasonable period of time until they were discharged.

97.     That on My 21, 2024, Defendants, their agents, servants and/or employees did falsely, wrongfully, intentionally and maliciously arrest, detain, imprison and incarcerate the Plaintiffs, depriving them of their civil rights and liberty for an unreasonable period of time, all without any just cause or provocation.

98.     That by reason of the foregoing, Plaintiffs were caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for their lives and well-being, were subjected to extreme

embarrassment, humiliation, scorn and ridicule, defamation of character, and were severely injured and damaged.

99. That by reason of the foregoing, Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## NINTH CLAIM
## FAILURE TO PROPERLY TRAIN

100. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

101. At all times herein mentioned it was the duty of Defendants to select and screen for hiring for retention or discharge as employees those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated for such employment.

102. At all times herein mentioned, it was the duty of said Defendants to properly train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behaviors of its agents, servants and/or personnel.

103. That by reason of the negligence of Defendants in their hiring, monitoring and retention of said employees with knowledge of the unsuitable, unstable and unfitness to act and serve and unfitness to continue to act and serve as employees by reason of the Defendants' breach of their duties, the Plaintiffs were caused to suffer severe injuries and damage, without fault or want of care on the part of the Plaintiffs in any way contributing thereto, thereby causing them extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries which are permanent in nature and duration.

104.     That by reason of the foregoing, Plaintiffs are entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

105.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

**TENTH CLAIM**
**<u>UNLAWFUL IMPRISIONMENT</u>**

106.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

107.     The Defendants issued criminal legal process against the Plaintiffs for the purpose of forbearing certain acts by the Plaintiffs.

108.     The Plaintiffs were deprived of their liberty and freedom by way of arrest and confinement.

109.     The actions of the Defendants causing the Plaintiffs to be arrested, imprisoned, and prosecuted, were affected for the ulterior purpose of causing Plaintiffs to be unlawfully deprived of their liberty and civil rights, and to suffer inconvenience, humiliation, shame, embarrassment, damage to his reputation and good name, and to incur legal expenses.

110.     The Defendants acted with ulterior purpose of causing the Plaintiffs harm, all the while lacking any economic justification, social excuse or other justification.

111.     The Defendants activated the process for a collateral advantage or corresponding detriment to the Plaintiffs that is outside the legitimate ends of the process.

112.     The false arrest, false imprisonment, and wrongful prosecution of Plaintiffs by the Defendants was intentional, without justification or excuse, a misuse of process and an abuse of judicial process.

113. By reason of the foregoing, the Plaintiffs sustained actual and special damages, were improperly deprived of their liberty and civil rights, and were caused to incur emotional upset, mental anguish, embarrassment, shame, humiliation, anguish, injury to reputation, lost earnings, and legal expenses.

114. The limitations set forth in section 1601 of the CPLR do not apply to this action by reason of one or more of the exceptions set forth in section 1602 of the CPLR.

115. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

**ELEVENTH CLAIM**
**<u>FAILURE TO INTERVENE</u>**

116. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

117. At all times herein mentioned, the Defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of THE CITY OF NEW YORK and The State of New York.

118. At all times herein mentioned, the Defendants' acts constituted state actions.

119. On and before May 21, 2024, the Defendants developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in THE CITY OF NEW YORK, which caused a violation of the Plaintiffs' rights.

120. On and before May 21, 2024, it was the policy, custom, and practice of the Defendants to improperly and inadequately investigate citizen and other Complaints of police misconduct and acts of misconduct were instead tolerated, including but not limited to, incidents in the past wherein the Defendants and their supervisors made false arrests without probable cause and allowed fellow police officers and employees to make false entries in official police department records, to issue false and fraudulent criminal Complaints and accusatory instruments,

and to cover up and hide wrongful conduct.

121.    On and before May 21, 2024, it was the policy, custom, and practice of the Defendants to fail to take steps to discipline, train, supervise, or otherwise correct the improper and illegal conduct of the individual Defendants in this and similar cases involving misconduct, thereby failing to adequately discharge further constitutional violations on the part of its police officers.

122.    On and before May 21, 2024, it was the policy, custom, and practice of the Defendants to fail to require appropriate in-service training and re-training of police officers who were known to have engaged in police misconduct.

123.    If certain individual Defendants did not themselves engage in tortious conduct directed at the Plaintiffs, those individuals failed to prevent physical battery, arrest, and abuse of the Plaintiffs, or other tortious conduct by the other individual Defendants directed toward the Plaintiffs, despite having a duty to do so.

124.    As a result of the faulty policies, customs, and practices of the Defendants, the police officers employed by the Defendants believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

125.    The Defendants' policies, customs, and practices demonstrated a deliberate indifference on the part of the policymakers to the constitutional rights of persons within the CITY OF NEW YORK and were the cause of the violations of Plaintiffs' rights.

126.    The Plaintiffs in no way provoked or encouraged the conduct of the Defendants and the Defendants' conduct was in no way privileged.

127.    The Defendants, acting in concert and individually, deprived the Plaintiffs of their civil, constitutional, and statutory rights, and conspired to deprive Plaintiffs of such rights under the 4th, 5th, 8th and 14th amendments, and 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, including

but not limited to: the right to be free from arbitrary and groundless arrest, the right to be free from cruel and unusual punishment and summary punishment, the right to be free from unlawful restraints on movement, right not to be subjected to imprisonment without due process of law, the right to enjoy equal protection of the laws, the right to have all legal rights enjoyed by Caucasian persons, the right to be secure in person and property, the right to have persons entrusted with legal authority to act to enforce his civil rights to act to enforce such rights or be themselves adjudicated, the right to be free from excessive and unreasonable force, the right to obtain timely medical treatment, the right to be protected as a prisoner, and the right to be free from conspiracies to violate his civil rights by those acting under color of state law.

128.    By reason of the foregoing, the Plaintiffs were caused to be falsely arrested, illegally deprived of their liberty and civil rights, caused to suffer imprisonment and confinement, caused to be assaulted and battered, wrongfully prosecuted, incapacitated from their usual vocation; and caused to incur emotional upset, mental anguish, embarrassment, shame, humiliation, anguish, injury to reputation, lost earnings, and legal expenses.

129.    By reason of the foregoing, the Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

130.    The limitations set forth in section 1601 of the CPLR do not apply to this action by reason of one or more of the exceptions set forth in section 1602 of the CPLR.

131.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate claim.

### ELEVENTH CLAIM
### ZONE OF DANGER

132.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the

foregoing paragraphs of the within Complaint with the same force and effect as if fully set forth herein.

133.    On May 21, 2024, at approximately 12:40 P.M., Plaintiffs YARIELIZ GUZMAN and ANGEL GUZMAN were lawfully in front of the premises at or near 1033 Beach 19th Street at or near Mott Avenue, Queens, New York and carrying over into the street and to the adjacent areas next to the premises, when Defendants OSHEA, DEMEREST, ZIMINSKI, KEARNEY, DERLETH, LUCKMANN, PADOVANI, KOWLESSAR and other police officers ("Defendant Police Officers") used physical force against the plaintiffs, including but not limited to throwing plaintiff YARIELIZ GUZMAN and ANGEL GUZMAN to the ground, punching and kicking them, and causing the Plaintiffs to be severely injured.

134.    That Plaintiff ANGEL GUZMAN was in the zone of danger so as to have potentially been physically injured by the Defendants' use of physical force described herein of Plaintiff YARIELIZ GUZMAN, his biological daughter.

135.    That Plaintiff YARIELIZ GUZMAN was in the zone of danger so as to have potentially been physically injured by the Defendants' use of physical force described herein of Plaintiff ANGEL GUZMAN, her biological father.

136.    That as a result of the foregoing, Plaintiff ANGEL GUZMAN sustained psychological trauma, emotional injuries, pain and suffering, medical expenses and loss of earnings and has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

137.    That as a result of the foregoing, Plaintiff YARIELIZ GUZMAN sustained psychological trauma, emotional injuries, pain and suffering, medical expenses and loss of earnings and has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs YARIELIZ GUZMAN and ANGEL GUZMAN especially requests judgment against Defendants as follows:

a) Compensatory damages against all Defendants, jointly and severally;

b) Punitive damages against the individual Defendants, jointly and severally;

c) An order enjoining Defendants' from engaging in further bias-based profiling against Plaintiffs;

d) A declaration that Plaintiffs has been subject to discrimination through bias-based profiling by Defendants;

e) Reasonable attorney's fees and cost pursuant to 28 U.S.C. § 1988; and

f) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
    March 11, 2025

Matthew E. Greenberg. Esq.
GREENBERG LAW, P. C.
370 Lexington Avenue Suite 1100
New York, New York 10011
(212) 972-5656
*Attorneys for Plaintiffs*
*YARIELIZ GUZMAN and ANGEL GUZMAN*

# ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                             ):ss:
COUNTY OF NEW YORK   )

MATTHEW E. GREENBERG hereby affirms under penalties of perjury as follows:

I am an attorney with the firm of Greenberg Law P.C., attorney for the Plaintiff in the within action. That he has read the foregoing **COMPLAINT** and knows the contents thereof and the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

That the reason this verification is made by affiant and not by the Plaintiff is that Plaintiff does not reside in the County wherein your affiant's office is located.

Affiant further states that the source of his information and the grounds of his belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said Plaintiff, information contained in the said Plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated:  New York, New York
       March 11, 2025

 

_____
Matthew E. Greenberg. Esq.